# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 5371 | DATE | 11/20/2003 |
| CASE TITLE | YHWHNEWBN vs. COOK COUNTY, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for **1-8-2004 at 10:00 a.m.**

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Plaintiff's motion for leave to file response to motions to dismiss, instanter, is denied for the reasons stated in open court. Defendants motions (14-1, 18-1, 39-1, 56-1, 57-1, 59-1, 78-1 and 84-1) are granted. Defendants Cook of County, Michael Sheahan, Unknown Evicting Employees, Sheriff Maltbia, Officer Noser, Officer Rafferty, Glenn Kahn, Kipnis & Kahn Ltd., Terry Hillard, and City of Chicago are dismissed.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 2 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | IS | 96 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EVANGEL YHWHnewBN,

    Plaintiff,

v.

COUNTY OF COOK, STATE OF
ILLINOIS
Michael Sheahan, both individually and as
Sheriff and Unknown Evicting Employees,
et al.

Sheriff Maltbia
Zeola Thomas
Darryl Thomas
Merrill Moving Company

CITY OF CHICAGO, a Municipal
Corporation, Terry Hillard, both individually
and as Superintendent of Police, Sergeant
Rafferty, Officers Brown, Brash, Nosek and
other Unknown Parties, et al.,

Atty. Glenn Kahn, individually, and Kipnis
& Kahn, Ltd., John Chandler

    Defendants.

No. 02 C 5371
Judge James B. Zagel

DOCKETED
NOV 2 4 2003

## MEMORANDUM OPINION AND ORDER

On September 24, 2001, unknown evicting employees of the Cook County Sheriff's Department removed property from 1940 West 59th Street, Chicago, Illinois. This was done pursuant to court order via a forcible eviction case entitled *Zeola Thomas v. Deelois Simmons Young*, Case No. 00 M 1723704. Deelois Simmons Young is now known as EVANGEL YHWHnewBN, the plaintiff in this action. YHWHnewBN's Fourth Amended Complaint



contains seven counts against various defendants, several of which who now move to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6).

Dismissal under Rule 12(b)(6) is proper where it appears beyond doubt that YHWHnewBN can prove no set of facts in support of her claim for which relief may be granted. *Szumny v. American Gen'l Finance, Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001) (citations omitted). At a minimum, her Complaint must contain facts sufficient to state a claim as a matter of law. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). Even the liberal notice pleading required by the federal rules requires the complaint to include the operative facts upon which YHWHnewBN bases her claim. *Rodgers v. Lincoln Towing Srvc., Inc.*, 771 F.2d 194, 198 (7th Cir. 1985).

Sheriff Michael Sheahan, Sheriff Maltbia, and "Unknown Evicting Employees"

In her Fourth Amended Complaint, YHWHnewBN alleges claims against Sheriff Michael Sheahan, Sheriff Maltbia, and several "Unknown Evicting Employees" for constitutional violations with resultant financial damages arising from the eviction. As an initial matter, I do not have jurisdiction over any claims regarding financial damages because the proper forum for resolution of this issue is the Illinois Court of Claims. In Illinois, when a county official is deemed to be acting under the arm of the state, the lawsuit is treated as an action against the state. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992). The Sheriff and Sheriff's deputies of Cook County can be defined as state agents when they act to enforce court orders issued by state courts. *Id.* at 370. Here, the state court entered an Order of Possession pursuant to the Forcible Entry and Detainer Law, 735 ILCS 5/9-101, and deputy sheriffs acted pursuant to this court order.

Therefore, the Sheriff and deputies qualify as an arm of the State of Illinois when the order was executed, and this lawsuit therefore belongs in the State Court of Claims.

Another problem with YHWHnewBN's Complaint is that it fails to state a claim against the Sheriff in his official capacity. Government employees cannot be held liable in their official capacities in a § 1983 action unless a plaintiff can show that he suffered injuries of a constitutional magnitude as a result of an official custom, policy or practice. *Monell v. Department of Social Srvcs.*, 436 U.S. 658 (1977). *Respondeat superior* liability on governmental entities does not exist. *Id.* at 694. There are three instances in which a municipality can be said to have violated a person's rights because of its policy: (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law," or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994) (citations omitted). The municipality's policy must be the source of the violation, *id.*, and there must be proximate cause between the municipality's policy and the plaintiff's injuries, *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). Here, YHWHnewBN neither alleges that an express policy by the Sheriff caused any constitutional violation nor that a person with final decision-making authority with the Sheriff's office caused her injury. Finally, by alleging nothing more than a single set of circumstances particular to her, she fails to establish any "widespread practice" which could be considered an unlawful policy. Her allegations do not sufficiently establish a pattern of violations of any policy of the Sheriff's office. Moreover, she fails to plead facts establishing any

3

causal nexus between an official policy and her alleged injuries. Accordingly, she fails to state a claim against the Sheriff in his official capacity for the constitutional violations alleged in Count II.

A third problem with YHWHnewBN's Complaint against these defendants is that the Tort Immunity Act immunizes the Sheriff for liability for an alleged negligence during the execution and enforcement of the Forcible Eviction Order. 745 ILCS 10/2-209; *see Thompson v. City of Chicago*, 484 N.E.2d 1086, 1088 (Ill. 1985). Accordingly, I dismiss Counts I, II, III and IV against the Sheriff and deputy sheriffs for negligently disposing of YHWHnewBN's property.

Finally, Sheriff Sheahan, Sheriff Maltbia, and any other unknown deputies are immune from a wrongful eviction action under the Tort Immunity Act. 745 ILCS 10/2-209. When the law authorizes the Sheriff to make an entry upon the land, the Sheriff is entitled to judgment as a matter of law. *Owusu v. Grzyb*, 749 F.Supp. 897, 907 (N.D. Ill. 1990). Accordingly, I dismiss Counts I through IV against these defendants for wrongful eviction.

Cook County

YHWHnewBN contends that Cook County is liable for injuries allegedly caused by the Sheriff and unknown evicting officers. A county's *respondeat superior* liability extends only to county employees and not to independent county officers, and although sheriffs are county officers, they are not employees of Cook County for *respondeat superior* liability purposes. *Moy v. County of Cook*, 640 N.E.2d 926, 930 (Ill. 1994). Rather, sheriffs are independently elected officials not subject to the control of the county. *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989). Accordingly, I dismiss Cook County.

4

City of Chicago

Allegations involving the City defendants stem from incidents occurring between September 30, 2001, to April 12, 2002. YHWHnewBN alleges that the City defendants violated her First, Fourth, and Fourteenth Amendment rights when they allegedly failed to "serve and protect the private property" belonging to her after she had been evicted. Here, YHWHnewBN alleges no express policy of the City or widespread practice that constitutes a custom or usage, nor does she suggest that the conduct complained of resulted from a determination made by a final policy-making authority. Instead, she attempts to allege municipal liability under the futile theory of *respondeat superior*, and thus fails to adequately allege municipal liability.[1] *Monell*, 436 U.S. at 694. Therefore, I dismiss the City.

Terry Hillard

To sue Hillard in his individual capacity, YHWHnewBN must allege that he was personally involved in the deprivation of her constitutional rights. *Whitford v. Boglino*, 63 F.3d 527, 530-31 (7th Cir. 1995). Personal involvement requires an overt act, or failure to act, "with a deliberate or reckless disregard of plaintiff's constitutional rights." *Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994). Here, YHWHnewBN has essentially alleged that Hillard acted in his official capacity as the Superintendent of the Chicago Police Department. Although she insists

---

[1] Even if I were to determine that YHWHnewBN had adequately alleged municipal liability, the City has no duty to protect her property from the actions of third parties. *DeShaney v. Winnebago County Dept. of Social Srvcs.*, 812 F.2d 298, 301 (7th Cir. 1987). And to the extent that she is attempting to bring a supplemental claim under state law, the City and its employees are immune from such claims for damages pursuant to Tort Immunity Act. 745 ILCS 10-1-101 *et. seq.*

that he had personal knowledge of the alleged misconduct of the police officers, her conclusory allegations fail to provide a single operative fact; moreover, her allegations against Hillard are grounded in the theory of *respondeat superior* which is untenable. *Monell*, 436 U.S. at 694. Indeed, the claim against Hillard is actually brought against him in his official capacity as Superintendent for failing to properly supervise the individual police defendants. Any such claim brought against Hillard is duplicative because it is essentially brought against the City. The claims against Hillard are not claims against the official individually but rather claims against his office. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *see also Admiral Theater v. City of Chicago*, 832 F.Supp. 1195, 1200 (N.D. Ill. 1993). Therefore, I dismiss Hillard.

Nosek, Rafferty, and "other Unknown Parties, et al.,"

YHWHnewBN has also named Chicago Police Department officers Jeffrey Nosek, Michael Rafferty, and "other Unknown Parties" (presumably unknown officers) in her suit. YHWHnewBN alleges that on April 12, 2002, Nosek made derogatory statements about her to other officers and waited in a room where she was being held against her will. She further alleges that on April 27, 2002, Rafferty failed to inventory and/or return her property and added threats of intimidation. She additionally alleges that Nosek was the arresting officer on April 27, 2002, when her property was removed and not inventoried and that he gave conflicting accounts of what happened to her property after her eviction. Finally, she alleges that Nosek wrote a biased report and testified to a false statement at trial which contributed to a guilty verdict for trespassing.

YHWHnewBN's deprivation of property claim fails because intentional deprivations of property caused by unauthorized acts of state or city officials do not give rise to § 1983 claims for deprivation of property so long as state courts provide an adequate post-deprivation remedy. *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996). Because Illinois provides a tort remedy for property deprivations of the sort alleged and because YHWHnewBN has not shown that this remedy is not adequate, I dismiss her deprivation of property claim in Count VI against Nosek and Rafferty. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

In addition, Nosek and Rafferty have no duty to protect her property from the actions of third parties. *DeShaney v. Winnebago County Dept. of Social Srvcs.,*, 812 F.2d 298, 301 (7th Cir. 1987). Furthermore – as discussed above – Nosek and Rafferty are immune from claims for damages pursuant to the Tort Immunity Act. 745 ILCS 10/1-101 *et. seq.* Accordingly, I dismiss YHWHnewBN's claim in Count VI pertaining to Nosek and Rafferty's failure to protect her property.

Third, while Nosek and Rafferty's alleged conduct and statements are reprehensible and hurtful if true, they do not rise to the level of a constitutional violation. The Constitution does not protect against general rudeness, verbal abuse and verbal harassment. *Slagel v. Shell Oil Refinery*, 811 F.Supp. 378, 382 (C.D. Ill. 1993); *Young v. Newtown*, 82 C 4327, 1985 WL 2405, at *2 (N.D. Ill. June 28, 1985). In short, "where the colloquy between police and the arrestee does not rise to the level of physical harm, there is no violation of a constitutional right actionable under Section 1983." *Simms v. Reiner*, 419 F.Supp. 468, 474 (N.D. Ill. 1976). Accordingly, I dismiss her claims in Count VI regarding threats and derogatory statements.

Fourth, to the extent that YHWHnewBN alleges any common law claims against Nosek and Rafferty, they are time-barred as they were filed after the one-year statute of limitations had run. 745 ILCS 10/8-101. Accordingly, I dismiss all common law claims in Count VI.

Finally, YHWHnewBN's claim that Nosek testified to a false statement at trial which contributed to a guilty verdict for trespassing does not set forth a cognizable claim. *Briscoe v. LaHue*, 460 U.S. 325 (1983). Accordingly, I dismiss Count VI's perjury claim against Nosek. As a result of these dismissals, Rafferty and Nosek, along with all other individual Chicago Police Department officers are dismissed.

## Kahn and Kipnis & Kahn

Count IV of YHWHnewBN's Complaint apparently alleges that Glen Kahn, in some unspecified manner, deprived YHWHnewBN of certain of her constitutional rights. It further alleges that he breached "his code of Judicial Conduct and induced his client to engage in conduct that he knew violated due process of law" by keeping certain "information" from the Court. The information referred to is not specified, the Court involved is not specified, the case involved is not designated, and the alleged false documents are not identified. This Count is so devoid of specific allegations of actionable conduct such that it fails to set forth facts sufficient to support a claim for relief. *Szumny*, 246 F.3d at 1067. Furthermore, YHWHnewBN fails to assert any claim against the law firm and fails to establish a claim of *respondeat superior*. Accordingly, I dismiss Kahn and Kipnis and Kahn.

For the reasons above, Cook County, Michael Sheahan, and Sheriff Maltbia's Motion to Dismiss is GRANTED; the City Defendants' Joint Motion to Dismiss is GRANTED; Nosek and Rafferty's Motion to Dismiss is GRANTED; and Kahn and Kipnis & Kahn's Motion to Dismiss is GRANTED.

ENTER:

/s/ James B. Zagel
James B. Zagel
United States District Judge

DATE: 20 Nov 2003